## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIK YARMEY, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-5535 |
| | : | |
| UNIVERSITY OF PENNSYLVANIA. | : | |

### MEMORANDUM

**SURRICK, J**                                                           **APRIL 10, 2024**

Presently before the Court is Plaintiff's Motion to Amend the Sixth Amended Scheduling Order.  (ECF No. 65.)  For the following reasons, Plaintiff's Motion will be denied.

### I.     BACKGROUND

Plaintiff was enrolled in Defendant University of Pennsylvania's ("Penn") post-baccalaureate program from 2017 to 2019.  (Compl., ECF No. 1, ¶¶ 12, 83.)  Plaintiff did not complete the program and, during February 2019, was placed on a "mandatory leave of absence" after he was hospitalized in December 2018 following a suicide attempt.  (*Id*., ¶¶ 77-79, 83.)  Plaintiff sued Penn under the Americans with Disabilities Act and Rehabilitation Act, alleging that Penn discriminated against him on the basis of his disabilities by failing to provide him reasonable accommodations.  (*Id*., ¶¶ 86, 89-94, 96, 98-104.)  Plaintiff contends that without reasonable accommodations, he did not receive the "full and equal enjoyment of the education program that [Penn] provides [Plaintiff's] non-disabled peers."  (*Id*., ¶¶ 94, 104.)  Plaintiff retained Raffaele & Associates, LLC, and Michael Raffaele filed this action on November 5, 2020.

The case was initially assigned to Judge Robreno.  An initial telephonic pre-trial conference was held on May 3, 2021, and a scheduling order was entered that day.  (ECF Nos.

13-14.)  Fact discovery was set to be completed by November 1, 2021, and expert discovery was scheduled to be completed by November 29, 2021.  (ECF No. 14.)  Over the course of a year, four modified scheduling orders were issued, extending discovery and other deadlines.  (ECF Nos. 18, 20, 28, 30.)

On March 14, 2023, after the case had been pending for approximately two and a half years, the case was placed in civil suspense indefinitely because Plaintiff's counsel represented that Plaintiff was unable to participate in the litigation due to his escalating medical condition. (ECF Nos. 40, 49.)  The Court ordered that Plaintiff's counsel "shall promptly notify the Court upon Plaintiff's readiness to proceed with the litigation."  (ECF No. 40.)

The case was reassigned to Judge Surrick on July 10, 2023, and the Court held a telephonic status conference on October 3, 2023.  (ECF Nos. 41, 43.)  After approximately six and a half months in civil suspense, the Court removed the action from civil suspense.  (ECF No. 44.)  Based on the discussion at the status conference about the status of discovery and outstanding items, the Court extended discovery by three months, setting a new discovery completion deadline of January 5, 2024.  (*Id.*)  The Court also allowed a party to file a motion if they objected to the Order.  (*Id.*)  Plaintiff thereafter again moved to place the matter in civil suspense, which the Court denied.  (ECF Nos. 46, 49.)

After the action was removed from civil suspense, the parties litigated a discovery dispute concerning the supplementation of Plaintiff's medical records.  Plaintiff sought a protective order shielding from disclosure Plaintiff's mental health records from late November 2021 to the present and prohibiting Penn from seeking a HIPAA release for those records.  (ECF No. 50.) Penn opposed Plaintiff's motion for a protective order and cross-moved to compel the production of Plaintiff's records.  (ECF No. 51.)  Penn argued that the records were relevant to issues of

liability and damages.  (ECF No. 51-1 at 4, 5.)  However, Plaintiff maintained that in addition to being protected by the psychotherapist-patient privilege, the records were not relevant to issues of damages because Plaintiff is not seeking any "emotional harm damages" for any period or any "damages or affirmative relief for any events or occurrences after November 2021."  (ECF No. 50 at 2-3, 6, 8.)  For example, in Plaintiff's counsel's letter to Penn's counsel dated October 30, 2023, Plaintiff's counsel wrote:

> "Plaintiff has disclaimed emotional harms damages in this case, in writing, on, by my count, no fewer than five separate occasions. . . . Plaintiff has never claimed entitlement to reimbursement for his current treatment, which arises from issues independent from Defendant's efforts to harm him while he was a student.  Nor would he seek reimbursement for lost wages or the like for a time period when he would have had to put aside employment to focus on his treatment needs."  (ECF No. 51-12.)

He continued that "Defendant has imagined and projected on Mr. Yarmey . . . that Mr. Yarmey is seeking emotional harms damages arising from Penn's abuses of him while he was a student." (*Id*.)  After holding a telephonic status conference with counsel on December 14, 2023, we denied Plaintiff's motion and granted Penn's motion to compel.  (ECF Nos. 53, 55.)

With respect to outstanding discovery, at the October 3, 2023, and December 14, 2023, telephonic conferences, the parties discussed completing Plaintiff's deposition and the production of his medical records.  (*See* Ex. 4, ECF No. 66-1.)  There was no discussion of expert discovery, additional fact discovery by Plaintiff, or deficiencies with Penn's productions.

In addition, on November 21, 2023, Plaintiff served on Penn his response to an interrogatory asking Plaintiff to "describe in detail the types and amounts of damages you are seeking and the manner in which you calculate such damages."  (ECF No. 67-8.)  Plaintiff answered, in relevant part, "that he seeks no damages in this matter for any facts, circumstances, or occurrences after 23 November 2021."  (*Id*.)

On December 19, 2023, the Court issued a Sixth Amended Scheduling Order, setting a new discovery deadline of March 4, 2024, which extended discovery by two months. (ECF No. 54.)

On February 13, 2024, approximately three weeks before the discovery deadline, Plaintiff filed a Notice of Substitution of Counsel. Michael Raffaele and the law firm of Raffaele & Associates, LLC withdrew from the case, and Kevin L. Hall of Tucker Arensberg, P.C. appeared. (ECF No. 56.) David Shapiro, Randy Zelin, and Alison Cohen filed notices of appearance and motions for *pro hac vice* admission on February 20, 2024, which the Court granted three days later. (ECF Nos. 57-59, 61-64.)

On March 1, 2024, a week after Plaintiff's new counsels' *pro hac vice* admissions were granted and one business day before the close of discovery, Plaintiff filed the instant Motion seeking to amend the schedule. (ECF Nos. 65, 66.) Plaintiff seeks to extend discovery by two months, during which he proposes conducting expert discovery, taking a 30(b)(6) deposition, identifying additional deponents and taking any additional fact depositions, and addressing deficiencies in Penn's document production. (Mot., ECF No. 66, at 8; Opp'n, ECF No. 47, at 13, 15.) Penn opposes the Motion. (ECF No. 67.)

After the close of discovery, on March 7, 2024, Plaintiff served a 30(b)(6) deposition notice on Penn, identifying twenty-seven topics. (Opp'n at 15.) On March 12, 2024, Plaintiff revised his interrogatory response with respect to damages as follows, in relevant part:

> Plaintiff . . . corrects his November 21, 2023 Revised Answer to Interrogatory No. 10 and states that he seeks all damages caused by (1) Defendant's failure to provide reasonable accommodations for his psychological and physical disabilities while a student at the College of Liberal and Professional Studies Post-Baccalaureate program (the "Program"); (2) Defendant's unlawful discriminatory discharge from the Program based on his physical and mental health disabilities; and (3) Defendant's failure to protect Plaintiff's health while he performed services at the Perelman School of Medicine at the University of Pennsylvania. Plaintiff further

states that the types of damages include lost income, and the pain and suffering caused by Defendant's actions while Plaintiff was a student in the Program.  The amount of damages and the manner in which they are calculated will be the subject of an expert witness's determination.  All documents produced by Plaintiff and Defendant "relate" to his damages and documents upon which Plaintiff's expert relies in his or her calculations will be produced at the time of his or her report.

(ECF No. 67-13.)  The Court held a hearing on Plaintiff's Motion on April 5, 2024.  (ECF Nos. 67, 70.)

## II.   DISCUSSION

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  An appellate court "will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible."  *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988).

To establish good cause under Rule 16, a plaintiff must show why "the discovery [sought] could not have been obtained during the discovery period."  *Nelson v. Harrah's Atlantic City Operating Co., LLC*, No. 20-18602, 2022 WL 3029331, at *3-4 (D.N.J. Aug. 1, 2022).  "'A determination of good cause depends on the diligence of the moving party' where '[t]he moving party has the burden of demonstrating that despite its diligence, it could not reasonably have met the scheduling order deadline.'"  *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013) (quoting *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006)).  "[C]ounsel's unfamiliarity with [a] case [does] not make it impossible to obtain evidence [when] more diligent discovery was certainly possible, albeit by previous counsel."  *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015).

Plaintiff seeks an additional two months to "get up to speed" and "complete the work necessary to prosecute this action," including conducting expert discovery into Penn's failure to provide reasonable accommodations and damages.  (Mot. at 1, 8.)  Plaintiff maintains that new counsel has been diligent in seeking this extension and that prior counsel was diligent in prosecuting the case.  (*Id*. at 1, 3-4.)  Plaintiff maintains that this is a sufficient basis for the court to amend the schedule, and that Penn will not be prejudiced.  (*Id*. at 6-8.)  In addition, Plaintiff argues that the fact that Plaintiff sought to extend the schedule before the close of discovery counsels in favor of granting Plaintiff's motion, and that this is not a situation in which Plaintiff substituted counsel on the eve of trial or to cause delay.  (*Id*. at 7-8.)

In opposition, Penn maintains that Plaintiff seeks to amend the scheduling order in order to take discovery that he could have taken during the preceding years and that he has offered no justification for his failure to conduct such discovery.  (Opp'n, ECF No. 67, at 17.)  According to Penn, Plaintiff seeks to relitigate the case after retaining new counsel, but it is well established that doing so is impermissible.  (*Id*. at 18, 20.)

With respect to Plaintiff's specific requests, Penn maintains that Plaintiff has dramatically modified the damages he seeks.  (*Id*. at 19.)  Penn contends that the parties understood that other than completing the third day of Plaintiff's deposition and collecting any outstanding medical records, discovery was complete.  (*Id*. at 19; ECF No. 50.)  However, Plaintiff now seeks to take a 30(b)(6) deposition and has stated that he needs additional time to determine who else should be deposed. (Mot. at 19-20.)  Penn maintains that it will be prejudiced if Plaintiff is allowed to change his litigation strategy because it will have to defend additional depositions and incur additional expenses engaging in expert discovery.  (*Id*. at 21.)  Penn has relied on Plaintiff's representations with respect to damages and expert discovery.  (*Id*.)

6

A change in litigation strategy does not constitute good cause under Rule 16.  *See, e.g.*, *Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.*, No. 11-246, 2012 WL 6193834, at *3 (S.D. Cal. Dec. 12, 2012); *Thomas v. McDowell*, No. 10-152, 2012 WL 5601198, at *2 (S.D. Ohio Nov. 15, 2012) (collecting cases).  "[N]umerous courts have rejected the argument that retention of new counsel constitutes good cause under Rule 16 to reopen discovery."  *Nelson*, 2022 WL 3029331, at *3; *see also Marlowe Pat. Holdings LLC*, 293 F.R.D. at 701.

*Alvarado Orthopedic Rsch.* is instructive.  In that case, new counsel for defendant appeared in the case on October 26, 2012, and under the operative schedule, the parties were to designate experts approximately a week later, by November 5, 2012, and all discovery was scheduled to end on January 7, 2013, more than two months after new counsel entered an appearance.  *Alvarado Orthopedic Rsch.,* 2012 WL 6193834, at *1-2.  New counsel filed a motion approximately a month after entering their appearance seeking to extend the discovery cutoff by two months and extend the deadline to designate experts by six weeks, among other requests.  *Id*. at *1.  Plaintiff did not consent to the requested modifications.  *Id*. at *3.  At the time new counsel made these requests, defendant had been in the case for almost two years.  *Id*. at *2.  Before new counsel was substituted, counsel for plaintiff and then-counsel for defendant had a conversation and "agreed [that] this was not an expert witness case and that neither party would be designating experts."  *Id*. at *4.  The court noted that "under these circumstances, new counsel is hard pressed to complain that it did not designate experts."  *Id*.

The *Alvarado* court denied defendant's request, finding that good cause was not shown to extend the schedule.  "Incoming counsel is bound by the actions of his or her predecessor, and to hold otherwise would allow parties to create good cause simply by switching counsel."  *Id*. at *4 (citation omitted).  A desire to change litigation strategy does not establish good cause.  *Id*.  As in

*Alvarado*, Plaintiff's new counsel has appeared years into the pendency of the case, seeks to depart from prior agreements of the parties and representations to the Court with respect to damages and expert and outstanding discovery, and modify strategic decisions of Plaintiff's former counsel by now seeking to engage experts.

We agree with Penn that Plaintiff has not met his burden to demonstrate good cause to amend the case schedule.  Plaintiff sought to expand the scope of discovery one business day before fact discovery was set to close.  After removing the case from civil suspense, we convened two telephonic status conferences to address the status of the case and outstanding discovery.  Plaintiff's former counsel attended both conferences, and at neither conference did he mention needing additional time to conduct expert discovery or take a 30(b)(6) deposition of Penn.  He did not identify deficiencies in Penn's productions.  At these status conferences, Penn, meanwhile, reiterated that it needed to complete Plaintiff's deposition and complete the production of his medical records.  With respect to damages, Plaintiff's former counsel reiterated in communications with Penn and in briefing before the Court that the damages he sought were limited temporally and in scope.

Meanwhile, not only does Plaintiff, through his new counsel, seek to expand the scope of discovery at this juncture, he also has not offered a reason why the discovery he now seeks could not have been obtained during the more than three-year pendency of this case.  To amend the schedule, Plaintiff "has the burden of demonstrating that despite its diligence, it could not reasonably have met the scheduling order deadline."  *Marlowe Pat. Holdings LLC*, 293 F.R.D. at 701.  Conducting expert discovery, taking a 30(b)(6) or other fact depositions, changing the scope of damages, and addressing any deficiencies with Penn's productions were available to Plaintiff's former counsel.  This "[m]otion appears to stem almost entirely from the withdrawal

of previous counsel.  *Ex post facto* disagreement with strategic decisions of counsel, made in the course of litigation, does not constitute good cause."  *Id*.

This case is unlike the precedents on which Plaintiff relies in which good cause was demonstrated to amend a schedule.  (*See* Mot. at 6-8; Reply Br., ECF No. 69 at 11.)  For example, Plaintiff relies on *Albright v. Concurrent Tech. Corp.*, No. 21-cv-112, 2023 WL 5548810, at *4 (W.D. Pa. Aug. 29, 2023).  (*See* Reply Br. at 11.)  In *Albright*, plaintiffs retained "additional counsel" on January 27, 2023, and discovery was set to completed on March 31, 2023, and expert discovery was to be completed on June 30, 2023.  *Id*. at *1.  Plaintiff sought leave to file an amended complaint, which would implicate the discovery deadlines.  *Albright*, 2023 WL 5548810 at *1-2.  The court found that there was good cause to modify the scheduling order because fact discovery was set to end in two months, "depositions had not been conducted, [and] discovery remained open and in the early stages as the Parties were exchanging written and documentary discovery responses."  *Id*. at *4.  Here, unlike *Albright*, new counsel has been substituted rather than added, the motion was filed three days (and one business day) before fact discovery was set to end, and this case, which has been pending for more than three years, is far from the "early stages" of discovery.

Moreover, we agree with Penn that it will be prejudiced if Plaintiff's Motion is granted. As a New Jersey district court concluded with respect to a similar issue, "Plaintiff's request would require substantial additional discovery and would undoubtedly result in additional expense, inconvenience and delay for all concerned."  *Marlowe Pat. Holdings LLC*, 293 F.R.D. at 701.  While this case was in civil suspense for nearly seven months, it has been pending for over three years, and the parties have had ample opportunity to conduct discovery.  "The course

of this litigation was set long ago.  The parties relied on Plaintiff's representations throughout; to allow Plaintiff to unilaterally change the course of this action now would be inappropriate."  *Id*.

Accordingly, Plaintiff's Motion to Amend the Sixth Amended Scheduling Order is denied.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is denied.  An appropriate Order follows.


**BY THE COURT:**


**s/ *R. Barclay Surrick***
**R. BARCLAY SURRICK, J.**

10